UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JERRY LENEZ BANGMON, TDCJ # 01568309, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0019 |
| HENRY LANCE, *et al*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerry Lenez Bangmon, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), brings this lawsuit *pro se* under 42 U.S.C. § 1983. Plaintiff alleges that Defendant Captain Henry Lance used excessive force when he knocked a cafeteria tray out of Bangmon's hand on October 10, 2016 and caused Bangmon's hand to hit a steel hand rail.[1] Defendant has filed a motion to dismiss (Dkt. 10), and Plaintiff has responded (Dkt. 12). Plaintiff also has filed a motion to compel discovery (Dkt 13), a second motion for discovery (Dkt 16), and a motion for appointment of counsel (Dkt 17). The motions are ripe for decision. Having considered the pleadings, the briefing, all matters of record, and the applicable law, the Court determines that Defendants' motion to dismiss should be **granted in part** and **denied in part**, and that Plaintiff's motions should be **denied**.

---

[1] Plaintiff originally brought his claim against Lance in *Bangmon v. Kelly*, Civil Action No. 3:17-138. The Court severed the claim against Lance and instructed the Clerk to open this civil action (Dkt. 7). Plaintiff's excessive force claim against Defendant Lance is the only claim in this lawsuit.

I.      **Defendant's Motion to Dismiss**

Plaintiff brings an Eighth Amendment claim of excessive force under 42 U.S.C. § 1983. Defendant seeks dismissal of Plaintiff's official capacity claim under Rule 12(b)(1). Defendant also seeks dismissal of Plaintiff's individual capacity claim under Rule 12(b)(6).

   A.      **Legal Standards**

      1.      *Pro Se* **Pleadings**

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). In reviewing the pleadings and litigation history, the Court is mindful of the fact that Plaintiff is a TDCJ inmate proceeding *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

      2.      **Rule 12(b)(1) Standard**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402

F.3d 489, 494 (5th Cir. 2005)). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

        3.      **Rule 12(b)(6) Standard**

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555 (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

When, on a motion under Rule 12(b)(6), matters outside the pleadings are presented and not excluded, "the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). However, "[d]ocuments that a defendant attaches

to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac–Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000)).

B. <u>Analysis</u>

1. **Official Capacity Claims**

Defendant Lance urges dismissal of Plaintiff's official capacity claims based on sovereign immunity. A claim against a TDCJ official in his or her official capacity is a claim against TDCJ, and thus a claim against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015); *Moore v. La. Bd. of Elem. and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting Section 1983. *NiGen*, 804 F.3d at 394.

To the extent Plaintiff sues Lance for monetary damages in his official capacity, the State is immune under the Eleventh Amendment. Defendant's motion to dismiss the official capacity claim for lack of jurisdiction will be **granted**.

## 2. Individual Capacity Claims

Plaintiff alleges that Defendant Lance used excessive force against him in violation of the Eighth Amendment when he knocked a cafeteria tray from Bangmon's hand and caused Bangmon to hit his hand against a steel rail. In considering an Eighth Amendment claim for use of excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)).

Lance's motion to dismiss relies on an attachment to Plaintiff's complaint, which purports to be a letter from a TDCJ ombudsman to the Inmate Assistance League (Dkt. 1, at 24). The letter, which is dated November 21, 2016, responded to a letter Bangmon had sent to the Inmate Assistance League regarding multiple topics, including the incident with Lance at issue in this suit. The TDCJ ombudsman reported that investigation had revealed no support for Bangmon's allegations:

> The Darrington Unit administration initiated an investigation on November 8, 2016, into offender Bangmon's claims of staff assault. The investigation revealed that offender Bangmon was escorted to the unit medical department for an examination. Medical staff treated him, however, medical staff could not determine how the offender was injured. The incident was reviewed on the unit's video surveillance system by a security supervisor and an OIG investigator and evidence did not support offender Bangmon's claims.

(*id*.). Defendant urges that the letter "disproves" Bangmon's allegations regarding use of force and warrants dismissal of his claim. In response, Plaintiff states that he attached the letter "to prove that the video was viewed" but that the TDCJ ombudsman's statements in

the letter are a "conspired endeavor to cover up the incident due to the fact that prison officials failed to follow use of force policy on the date of incident" (Dkt. 12, at 5).

In deciding Defendant's motion under Rule 12(b)(6), a court should presume that a plaintiff's well-pleaded factual allegations are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *See Iqbal*, 556 U.S. at 679; *Harrington*, 563 F.3d at 147. Given Plaintiff's factual allegations in his complaint and response, his attachment of the letter to his complaint was not an endorsement of, or representation of the accuracy of, all statements in the letter. To the contrary, he alleges that a use of force occurred and that TDCJ is concealing it (Dkt 12, at 5). Defendant's motion to dismiss Plaintiff's individual capacity claim therefore will be **denied** without prejudice.

In order to evaluate Bangmon's claims concerning the alleged use of force by Lance, the Court will order the State Attorney General's Office to provide a report within **sixty (60) days** under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987). *See Cay v. Estelle*, 789 F.2d 318, 323 & n.4 (5th Cir. 1986) (discussing the utility of a *Martinez* report). The report should include any use of force records relevant to the incident on October 10, 2016, any medical records from October 10 or 11, 2016,[2] and any other records the Attorney General feels would assist the Court in evaluating Bangmon's claims.

---

[2] Plaintiff has alleged that he received medical testing and treatment on October 10 and 11, 2016, in connection with the alleged use of force. *See* Dkt. 13, Dkt. 16.

## II. Motions for Discovery

Plaintiff has filed two motions for discovery (Dkt. 13, Dkt. 16). Plaintiff's requests include *in camera* inspection of the video evidence, production of his medical records from October 10 and 11, 2016, and production of written statements or reports about the alleged use of force. In light of the Court's order for a *Martinez* report, Plaintiff's motions for discovery will be **denied** without prejudice. After the *Martinez* report is filed, Plaintiff may reurge his motions, if warranted.

## III. Motion to Appoint Counsel

Bangmon has moved for appointment of counsel (Dkt. 17), arguing that he cannot afford a lawyer and that his incarceration limits his ability to litigate this matter. There is no automatic constitutional right to appointment of counsel in civil rights cases. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court may appoint counsel to advance the proper administration of justice in exceptional circumstances and where an indigent litigant has colorable claims that will not receive a meaningful hearing without counsel. *See* 28 U.S.C. § 1915(e)(1); *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015); *Ulmer*, 691 F.2d at 213. When deciding whether to appoint counsel, the Court considers the type and complexity of the case, whether the indigent litigant can adequately investigate and present his case, and the level of skill required to present the evidence. *Baranowski*, 486 F.3d at 126.

Bangmon has thus far shown himself capable of self-representation and has filed appropriate motions for relief. His claims in this suit center on an alleged use of force,

which does not present a complex case or novel question of law. The Court finds that this is not an exceptional case involving complex legal issues that would justify the appointment of counsel at this time. Plaintiff's motion therefore will be **denied**. As the case progresses, however, the Court will revisit the issue on its own motion as necessary.

IV. **Conclusion**

For the reasons stated above the Court **ORDERS** that:

1. Defendant's motion to dismiss (Dkt. 10) is **GRANTED in part** and **DENIED in part**. Plaintiff's claims against Defendant Lance in his official capacity for monetary damages are **DISMISSED** for lack of subject matter jurisdiction. In all other respects, the motion is denied at this time.

2. The Court **ORDERS** the State Attorney General's Office to provide a *Martinez* report to the Court for its review within **sixty (60) days**.

3. Plaintiff's motions for discovery (Dkt. 13, Dkt. 16) are **DENIED** without prejudice.

4. Plaintiff's motion for appointment of counsel (Dkt. 17) is **DENIED** at this time.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 4th day of March, 2019.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge