IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JERRY LENEZ BANGMON, TDCJ # 01568309, | § § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-0019 |
| CAPT. HENRY LANCE, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerry Lenez Bangmon, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* and *in forma pauperis*. Plaintiff filed a civil-rights complaint (Dkt. 1) under 42 U.S.C. § 1983 alleging that Defendant Lance used excessive force against him. The Office of the Attorney General has filed a *Martinez* report (Dkt. 24) with relevant TDCJ records. Plaintiff has filed two declarations (Dkt. 25, Dkt. 26) in response to the *Martinez* report.

The Court is required to scrutinize every complaint filed by a plaintiff proceeding *in forma pauperis* and must dismiss the case at any time, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Having reviewed the pleadings, the *Martinez* report, Plaintiff's filings, the applicable law, and all matters of record, the Court concludes that Plaintiff's claims must be **DISMISSED** for the reasons that follow.

1/13

The Attorney General's motion to seal the *Martinez* report and its exhibits (Dkt. 23) will be **granted** because the filings contain Plaintiff's confidential medical information. Plaintiff's renewed motion for appointment of counsel (Dkt. 27), motion requesting admissions (Dkt. 37), and motion to withdraw a proposed order (Dkt. 38) will be **denied as moot.** His motion for production of photographic evidence, video evidence, and medical records (Dkt. 28) will be **denied in part as moot** based on the *Martinez* report exhibits and otherwise **denied**. His motions for discovery-related sanctions (Dkt. 29, Dkt. 30, Dkt. 32) will be **denied**. His recent requests for emergency relief against officials at the Stiles Unit (Dkt. 31) will be **denied**.

I.  **BACKGROUND**

Plaintiff alleges that, on October 10, 2016, Defendant Lance used excessive force against him in the Darrington Unit's dining hall. He alleges that Lance, whom he identifies as the unit's "kitchen captain," acted "maliciously and sadistically" by "hitting the Plaintiff and knocking the his [sic] tray of food out of his hand causing the Plaintiff's hand to bang against the steel hand rail" (Dkt. 1, at 5; *see id*. at 10).[1] Plaintiff states that he is handicapped and was using a walking cane at the time of the incident (*id.* at 5, 10). In a separate memorandum, he recounts the incident as follows:

> Plaintiff was inside the Darrington Unit inmate dining room standing in line waiting to be served lunch[.] [T]he main course on the menu was pork chops. As Plaintiff [was] about to be served Plaintiff requested a pork[-]free meal . . . [A]n inmate kitchen worker . . . had put the pork chop and rice on [his] tray . . . Plaintiff had tried to give the tray with [the] pork chop on it

---

[1] Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

back to [the] kitchen sergeant and Ms. Ashlaq . . . . Ms. Ashlaq started to make a scene[.] She then told me that she was not going to . . . afford me a pork[-]free meal, because I had touched the tray . . . [The] kitchen worker . . . had informed Ms. Ashlaq that he had made the mistake of putting the pork chop on my food tray and that I did in fact request a pork[-]free meal . . . Ashlaq . . . summoned for kitchen captain Mr. Henry Lance. She then said something to him that instigated and agitated him, he then told me not to move and as I stood there he unlocked the door and came from behind the food serving line and deliberately up close in my personal space towering over me due to him being approx. 6 ft 4 in 280 lbs. and me being 5 ft 8 in and 160 lbs. Mr. Lance had begun to swing on me at which time I kept trying to avoid him by turning away from him[.] [H]e constantly kept coming after me[.] ***He then made physical body contact with me by using unnecessary excessive force on me by knocking my tray of food out of my hand causing food to fly everywhere, he caused my hand to hit the steel hand rail causing pain to my backside of my right hand***.

(Dkt. 4, at 2) (emphasis added). Bangmon also alleges that Lance taunted him with profanity as he escorted Bangmon out of the dining hall (*id*.).

Bangmon claims that Lance acted "without need or provocation" (Dkt. 1, at 5). He alleges that the force was "applied out of bad faith to cause Plaintiff harm" and "was not applied in a good faith effort to maintain or restore discipline" (*id*. at 10). He supplies unsworn declarations from several other inmates who witnessed the incident and state that Lance knocked the food tray from Bangmon's hand and caused his hand to strike the steel rail (Dkt. 4, at 18-20, 27).

Bangmon states that he received first aid for his right hand (Dkt. 1, at 5; Dkt. 4, at 2). He attaches medical records from October 10, 2016, reflecting his complaints of pain, stiffness, and swelling (Dkt. 1, at 26-27; *see* Dkt. 24-2). The nurse's notes are generally consistent with Bangmon's allegations in this lawsuit, recounting his report that "while in line to get his lunch tray the tray was pulled away causing him to hit his right hand on the

guard rail causing injury to right hand" (Dkt. 1, at 26). The records reflect "slight swelling and pain with movement" in his right hand (*id.*). Bangmon states that he was treated with an ice pack and "about 15" ibuprofen tablets (Dkt. 4, at 3; *see* Dkt. 1, at 26-27, 29-30). He supplies a radiology report from October 11, 2016, finding "no acute fracture or dislocation" (*id.* at 25). Many of these same records are attached to the Attorney General's *Martinez* report. *See* Dkt. 24-2, at 4-10.

Plaintiff reported the incident to the Office of the Inspector General ("OIG") and filed an administrative grievance. *See* Dkt. 4, at 10 (in step-one grievance filed on October 11, 2016, Plaintiff alleges that Lance "maliciously and sadistically assau[l]ted me out of ill will, spite, or grudge by swinging on me attempting to snatch my food tray out of my right hand"). When his grievance was denied, he filed a step-two grievance. At both stages, TDCJ officials determined that the evidence was insufficient to open an OIG investigation or to substantiate Bangmon's allegations (Dkt. 4, at 10-17; *see* Dkt. 24-1).

Bangmon complains that the *Martinez* report contains no photographs of his injured hand and that "corrupt" TDCJ officials have covered up their use of force by failing to produce video evidence (Dkt. 25, at 1).[2] He also claims that his medical records were "altered" because the "'chief complaint' does not state what actually happened" (Dkt. 26, at 1). Specifically, he insists that, rather than stating that his tray was "pulled away" causing him to hit his right hand on the guard rail, the nurse's notes should have stated that the tray was "***smacked out of [his] hand*** causing [his] hand to hit

---

[2] The Attorney General has furnished TDCJ's records retention schedule (Dkt. 24-3).

the guard rail" (*id.*) (emphasis added). He alleges that Lance "attacked [him] for requesting a pork[-]free meal" (Dkt. 25, at 1).

## II. THE PLRA AND *PRO SE* PLEADINGS

Because the plaintiff is an inmate bringing suit about prison conditions, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the claims and dismiss the complaint at any time, in whole or in part, if it determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); *see* 42 U.S.C. § 1997e(c)(1).

In reviewing the pleadings and litigation history, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). It lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (internal quotation marks and citation omitted).

A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Rogers*, 709 F.3d at 407. When considering whether the plaintiff has adequately stated a claim upon which relief can be granted, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted). The court's review is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing

may be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004))).

## III. ANALYSIS

### A. Eighth Amendment Claim

Bangmon alleges that Lance used excessive force against him when Lance knocked a food tray out of Bangmon's hand. When a prisoner claims that a prison official's use of force violated the Eighth Amendment's ban on cruel and unusual punishments, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)). The standard focuses on "the detention facility official's subjective intent to punish." *Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016) (internal quotation marks and citation omitted). "[Not] every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. The Eighth Amendment prohibition "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 9-10 (internal citations and quotation marks omitted). *Hudson*, applying *Whitley*, identified five factors relevant to the Court's analysis: (1) the extent of injury suffered by the inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and, (5) any efforts made to temper the severity of a forceful response. *Hudson*,

503 U.S. at 7. Regarding injury to the inmate, the Supreme Court stated, "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id*. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation, 'or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.'" *Id*. (quoting *Whitley*, 475 U.S. at 321).

In *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010), the Supreme Court reaffirmed *Hudson*'s holding that courts must focus on the nature of force applied, rather than a certain quantum of injury. The Court again rejected the notion that a plaintiff must show "significant injury" or "serious injury" to prevail on an Eighth Amendment claim. "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." *Id*.; *see Preston v. Hicks*, 721 F. App'x 342, 344-45 (5th Cir. 2018) ("strain" to plaintiff's arm "falls within a *de minimus* category of force 'of a character far less intense and less calculated to produce real physical harm'") (quoting *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999)).

Bangmon alleges that Lance knocked the tray from Bangmon's hand "maliciously and sadistically" and used "unnecessary excessive force" (Dkt. 1, at 5; Dkt. 4, at 2). However, taking all of Bangmon's allegations as true, the only "physical body contact" between Lance and Bangmon occurred when Lance knocked the tray and therefore "caused [Bangmon's] hand to hit the steel hand rail," which in turn caused swelling and pain in his right hand. Dkt. 4, at 2; *see* Dkt. 1, at 5. Bangmon therefore alleges that

contact with the hand rail, rather than contact with Lance, caused the pain to his hand. None of his filings allege that Lance used any additional force.

Bangmon fails to state a claim upon which relief can be granted because he alleges only a *de minimus* use of physical force, which is "exclude[d] from constitutional recognition. *See Hudson*, 503 U.S. at 9-10. He alleges only that Lance "knocked" or "smacked" a tray from his hand, causing his hand to be injured by its contact with a steel rail. *See*, *e.g.*, Dkt. 1, at 5, 10; Dkt. 4, at 2; Dkt. 26, at 1. Unreasonable or unnecessary force, inadvertence, or good-faith error by a defendant does not suffice to show an Eighth Amendment violation:

> It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause. . . . The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense.

*Whitley*, 475 U.S. at 319. *See Hudson*, 503 U.S. at 9 ("[Not] every malevolent touch by a prison guard gives rise to a federal cause of action"); *Cowart*, 837 F.3d at 452 (*Hudson* standard focuses on the defendant's subjective intent to punish).[3]

---

[3] Bangmon's allegations that Lance was verbally abusive and taunted him with profanity also are insufficient to state an Eighth Amendment claim. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("verbal abuse by a prison guard does not give rise to a cause of action under § 1983" in the absence of sufficient physical injury); *see also White v. Gutierrez*, 274 F. App'x 349, at *1 (5th Cir. 2008) ("[v]erbal abuse and threatening language and gestures . . . do not give rise to a cause of action under § 1983").

The Court notes that some of Bangmon's allegations track language in Eighth Amendment case authorities. *See*, *e.g.*, Dkt. 1, at 5 (alleging that Lance acted "maliciously and sadistically"); *id.* at 10 (alleging that Lance applied force "out of bad faith to cause Plaintiff harm" rather than a "good faith effort to maintain or restore discipline"). These conclusory allegations are insufficient to prevent dismissal of his complaint. Even if Bangmon could prove all facts he alleges in his filings, including that Lance roughly knocked the tray from Bangmon's hand and that Lance's action was unnecessary or improper, the facts would not support a determination that Lance violated the Eighth Amendment under *Hudson* and the other authorities cited above.[4] He therefore fails to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678; *Rogers*, 709 F.3d at 407.

The Court does not rely on the extent of Bangmon's injury as a basis for dismissal of this action because the judicial inquiry is focused on the amount of force used, rather than the quantum of injury. *See Wilkins*, 559 U.S. at 38. However, the Court notes that Bangmon's allegations of swelling and pain in his right hand, which was treated at the clinic with ice and painkillers, are consistent with a *de minimus* injury under controlling authority. *See Wilkins*, 559 U.S. at 37-38 (noting that the "absence of serious injury" is relevant to an Eighth Amendment claim and that an inmate who "complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim") (internal quotation marks and citations omitted); *Siglar*, 112 F.3d at 193

---

[4] Plaintiff's discovery requests for video surveillance footage from the incident therefore are moot. Even if the video footage corroborated the facts as alleged by Plaintiff, he could not demonstrate an unconstitutional use of excessive force by Lance.

10/13

(sore, bruised ear lasting three days was *de minimis* injury); *Mosley v. White*, 464 F. App'x 206, 213 (5th Cir. 2010) (injuries of "momentary blindness, cuts and abrasions in and around the eye, and an infected eye" were not constitutionally cognizable); *Lee v. Wilson*, 237 F. App'x 965, 966 (5th Cir. 2007) ("busted lip" and headaches were *de minimus* injuries in context because they were caused by the defendant's closing of a portal door which was "a reasonable attempt to maintain order"); *Bradshaw v. Unknown Lieutenant*, 48 F. App'x 106, 2002 WL 31017404, at *1 (5th Cir. 2002) (burning eyes and skin, twitching of eyes, blurred vision, irritation of nose and throat, and mental anguish as result of chemical spray was *de minimis* injury).[5]

Bangmon's Eighth Amendment claim against Lance will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.     Request for Emergency Relief

Bangmon recently filed a motion for protective order (Dkt. 31) complaining that he has been "targeted and harassed" by officials at the Stiles Unit. Specifically, he alleges that a property room officer has confiscated his property, that law library officers have deprived him of access to the restroom in order to retaliate against him, that officials used excessive force against him in March 2019, and that officials delayed his access to medical care.

Plaintiff's allegations regarding recent events at the Stiles Unit are irrelevant to his Eighth Amendment claim against Lance in this civil action, which pertains to an incident

---

[5]     Because the Court does not rely on Bangmon's injury in reaching its holding, his discovery requests for clinic photographs and other evidence to corroborate his allegations regarding swelling and pain in his hand will be denied as moot.

at the Darrington Unit in 2016. To the extent he seeks to file supplemental pleadings under Federal Rule of Civil Procedure 15(d), the Court denies the request. *See Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998); *Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018). All of Bangmon's original claims have been dismissed, the supplemental allegations are not germane to his original claims, and he could bring a separate lawsuit to pursue any new claims. Additionally, the alleged events occurred at the Stiles Unit in Jefferson County, which is in the Beaumont Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(2). Therefore, any claims Plaintiff might bring against officials at the Stiles Unit would be subject to dismissal for improper venue. *See* 28 U.S.C. § 1391(b), § 1406(a). The Court in its discretion therefore denies leave to file supplemental pleadings.

## IV. <u>CONCLUSION</u>

For the reasons stated above the Court **ORDERS** that:

1. The complaint (Dkt. 1) filed by Plaintiff Bangmon is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. The Attorney General's motion to seal the *Martinez* report and its exhibits (Dkt. 23) is **GRANTED**.

3. Plaintiff's motion for appointment of counsel (Dkt. 27) and motion to withdraw proposed order (Dkt. 38) are **DENIED as moot.**

4. Plaintiff's discovery motions (Dkt. 28, Dkt. 37) are **DENIED in part as moot** and otherwise **DENIED**.

5. Plaintiff's motions for discovery-related sanctions (Dkt. 29, Dkt. 30, Dkt. 32) are **DENIED**.

6. Plaintiff's motion seeking emergency relief against officials at the Stiles

Unit (Dkt. 31) is **DENIED**.

**The Clerk will provide a copy of this order to the parties and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Galveston, Texas, on  October 30th , 2019.

---

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE